Ivy Ngo (S.B.N. 249860)
**FREEDMAN NORMAND**
**FRIEDLAND LLP**
2029 Century Park East, Suite 400N
Los Angeles, CA 90067
T: (646) 494-2900
Email: ingo@fnf.law

*Counsel for Defendants*
*Skincare Essentials Inc. and Yisroel Zahler*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZO SKIN HEALTH, INC., a corporation,<br><br>      Plaintiff,<br><br>      v.<br><br>SKINCARE ESSENTIALS INC., a corporation, YISROEL ZAHLER, a natural person, RUM BRANDS LLC, a limited liability company, and JOHN DOES 1-10,<br><br>      Defendants. | Case No. 2:25-cv-06451-AH-JPR<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFEDANTS' SKINCARE ESSENTIALS INC.'S AND YISROEL ZAHLER'S MOTION TO DISMISS THE AMENDED COMPLAINT**<br><br>Date:      February 11, 2026<br>Time:      1:30 PM<br>Courtroom:  9C<br>Trial Date:  None set<br>Action Filed: July 15, 2025<br><br>Hon. Anne Hwang |

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFEDANTS' SKINCARE ESSENTIALS INC.'S AND YISROEL ZAHLER'S MOTION TO DISMISS THE AMENDED COMPLAINT

---

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES................................................................ iii

I.   PRELIMINARY STATEMENT ....................................................1

II.  BACKGROUND ...........................................................................2

    A.   The Parties.............................................................................2

    B.   ZO and its Alleged Trademarks .............................................3

    C.   Alleged Trademark Infringement, Counterfeiting,
        False Advertising, and Intentional Interference ....................5

    D.   Skincare Essentials Sells the Business to Rum Brands in July 2024...........7

    E.   ZO Alleges *403* Causes of Action in *Each* of the Six Counts .....................8

III. ARGUMENT.................................................................................9

    A.   ZO Lacks Standing as to Zahler Defendants .........................9

        1.   Legal Standard.................................................................9

        2.   ZO Lacks Article III Standing.........................................9

        3.   ZO Lacks Statutory Standing as to Count V ...................10

    B.   The Court Lacks Personal Jurisdiction Over Zahler Defendants...............11

        1.   Legal Standard.................................................................12

        2.   There Is No Basis For General Jurisdiction .....................13

        3.   There Is No Basis For Specific Jurisdiction.....................13

    C.   Venue in the Central District of California is Improper .........................15

        1.   Legal Standard.................................................................16

        2.   The Complaint Contains No Allegations Specific to this
            District .............................................................................16

D.   ZO Fails to Allege a Short and Plain Statement of its Claim .....................17

    1.   Legal Standard..................................................................................17

    2.   Complaint is an Improper "Shotgun" Pleading Because it Lumps Together Thirteen Defendants and 31 Alleged Trademarks ........................................................................................18

E.   ZO Fails to State a Claim as to Zahler Defendants ..................................20

    1.   Legal Standard..................................................................................21

    2.   ZO Fails to Allege Liability as to Mr. Zahler in his Individual Capacity..........................................................................................22

    3.   Counts I – VI Fail to State a Claim .................................................23

IV.   CONCLUSION .......................................................................................25

# TABLE OF AUTHORITIES

**Cases**

*19 Tao Vega LLC v. Holo Ltd.*,
  No. C 19-5640 SBA, 2019 WL 8263434 (N.D. Cal. Dec. 18, 2019) ...................22

*Allstar Mktg. Grp., LLC v. Your Store Online, LLC*,
  666 F. Supp. 2d 1109 (C.D. Cal. 2009) ...............................................16

*Autobidmaster, LLC v. Alpine Auto Gallery, LLC*,
  No. 3:14-CV-1083-AC, 2015 WL 2381611 (D. Or. May 19, 2015) ..............18, 19

*Ayla, LLC v. Alya Skin Pty. Ltd.*,
  11 F.4th 972 (9th Cir. 2021) .............................................................14

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ........................................................................20

*Briskin v. Shopify, Inc.*,
  135 F.4th 739 (9th Cir. 2025) ..........................................................14

*Cabrera v. Google LLC*,
  842 F. App'x 38 (9th Cir. 2021) .........................................................7

*Carpenter v. Sikorsky Aircraft Corp.*,
  101 F. Supp. 3d 911 (C.D. Cal. 2015) ...............................7, 12, 13, 14

*Certified Nutraceuticals, Inc. v. Avicenna Nutraceutical, LLC*,
  No.: 3:16-cv-02810-BEN-BGS, 2018 WL 3618243 (S.D. Cal. 2018) ..................11

*Chancy et al. v. Fossil Grp., Inc.*,
  No. 25-CV-1566-AJB-DEB, 2025 WL 3251577 (S.D. Cal. Nov. 21, 2025) ........22

*D.B.C. Corp. v. Nucita Venezolana, C.A.*,
  No. 18-25225-CIV-MORENO, 2020 WL 2850277 (S.D. Fla. 2020) ..................24

*Daimler AG v. Bauman*,
  134 S.Ct. 746 (2014) ......................................................................13

*Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*,
  557 F.2d 1280 (9th Cir. 1977)............................................................12

MOTION TO DISMISS THE AMENDED COMPLAINT

iii

*Davis v. HSBC Bank Nevada, N.A.*,
    691 F.3d 1152 (9th Cir. 2012)........................................................................................21

*Dow Jones & Co., Inc. v. Int'l Sec. Exchange, Inc.*,
    451 F.3d 295 (2d Cir. 2006).........................................................................................24

*Flores v. EMC Mortg. Co.*,
    997 F. Supp. 2d 1088 (E.D. Cal. 2014).................................................................18, 19

*GenProbe, Inc. v. Amoco Corp., Inc.*,
    926 F. Supp. 948 (S.D. Cal. 1996)...............................................................................19

*Golden Scorpio Corp. v. Steel Horse Bar & Grill*,
    596 F. Supp. 2d 1282 (D. Ariz. 2009)....................................................................16, 17

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
    131 S.Ct. 2846 (2011) ..................................................................................................13

*Gray & Co. v. Firstenberg Mach. Co., Inc.*,
    913 F.2d 758 (9th Cir. 1990).........................................................................................12

*Greenway Nutrients, Inc. v. Blackburn*,
    33 F. Supp. 3d 1224 (D. Colo. 2014)......................................................................18, 20

*Ixchel Pharma, LLC v. Biogen, Inc.*,
    9 Cal. 5th 1130 (2020) .................................................................................................25

*Johnson v. L.*,
    19 F. Supp. 3d 1004 (S.D. Cal. 2014)...........................................................................16

*Knievel v. ESPN*,
    393 F.3d 1068 (9th Cir. 2005)....................................................................................7, 21

*Knuttel v. Omaze, Inc.*,
    572 F. Supp. 3d 866 (N.D. Cal. 2021) ..........................................................................17

*Kokkonen v. Guardian Life Ins. Co.*,
    511 U.S. 375 (1994).........................................................................................................9

*Lopez v. Bonanza.com, Inc.*,
    No. 17 Civ. 8493 (LAP), 2019 WL 5199431 (S.D.N.Y. 2019)..........................24

*Mendlow v. Klein*,
  No. CV 19-1771-JFW(FFMX), 2019 WL 7882073
  (C.D. Cal. Nov. 6, 2019) ................................................................................7, 9, 21

*Miletta v. Miletta*,
  No. 2:24-CV-03866-MRA-E, 2024 WL 5368651 (C.D. Cal. Sept. 13, 2024) ..7, 16

*Moreno v. Castlerock Farming & Transp. Inc.*,
  No. 1:12-CV-0556 AWI JLT, 2022 WL 902597 (E.D. Cal. Mar. 28, 2022).........10

*Motul S.A. v. USA Wholesale Lubricant, Inc.*,
  686 F. Supp. 3d 900 (N.D. Cal. 2023) ...............................................................23

*Museum of Selfies, Inc. v. Miami Selfie, LLC*,
  No. 22-CV-20233, 2022 WL 1001485 (S.D. Fla. Apr. 3, 2022) ..........................22

*NBCUniversal Media, LLC v. Jay Kennette Media Grp. LLC*,
  653 F. Supp. 3d 732 (C.D. Cal. 2023) ................................................................14

*NorthStar Moving Holding Co., Inc. v. Northstar Movers*,
  No. 19-62176-CIV, 2020 WL 3303972 (S.D. Fla. Jan. 7, 2020).........................20

*Perkins v. Benguet Consol. Mining Co.*,
  342 U.S. 437 (1952) .............................................................................................13

*Resh, Inc. v. Skimlite Mfg. Inc.*,
  666 F. Supp. 3d 1054 (N.D. Cal. 2023) ........................................................19, 20

*Schwarzenegger v. Fred Martin Motor Co.*,
  374 F.3d 797 (9th Cir. 2004)..........................................................................14, 15

*Seeno v. Discovery Builders, Inc.*,
  No. 5:23-CV-04072-EJD, 2024 WL 694490 (N.D. Cal. Feb. 20, 2024) ...............18

*Steinmeyer v. Am. Ass'n of Blood Banks*,
  715 F. Supp. 3d 1302 (S.D. Cal. 2024)...............................................................10

*Stock West, Inc. v. Confederated Tribes*,
  873 F.2d 1221 (9th Cir. 1989).............................................................................9

*TrafficSchool.com, Inc. v. Edriver Inc.*,
  653 F.3d 820 (9th Cir. 2011)..............................................................................11

MOTION TO DISMISS THE AMENDED COMPLAINT

*U.S. Bank Nat'l Ass'n v. Friedrichs*,
2013 WL 589111 (S.D. Cal. Feb. 13, 2013) ........................................................19

*White v. Lee*,
227 F.3d 1214 (9th Cir. 2000)..........................................................................9

*Woodke v. Dahm*,
70 F.3d 983 (8th Cir. 1995) ...........................................................................17

*X Corp. v. Ctr. for Countering Digital Hate Ltd.*,
724 F. Supp. 3d 921 (N.D. Cal. 2024) ...................................................15

**Other Authorities**

28 U.S.C. § 1391(b)...........................................................................15, 16

28 U.S.C. § 1406 ...............................................................................16

Cal. Bus. & Prof. Code § 17200 ..............................................................10

Cal. Code Civ. Proc. § 410.10 ................................................................12

Fed. R. Civ. P. 10(b)............................................................................17

Fed. Rule Civ. P. 8(a)(2) ......................................................................17

U.S. Patent and Trademark Office,
https://tsdr.uspto.gov/#caseNumber=7,469,338&caseSearchType=US_APPLICA
TION&caseType=DEFAULT&searchType=statusSearch
(ZPOLY®, registration number 7,469,338, registered Aug. 6, 2024) ....................5

## I.  PRELIMINARY STATEMENT

Plaintiff ZO Skin Health Inc.'s ("Plaintiff" or "ZO") complaint ("Complaint") against Defendants Skincare Essentials Inc. and its officer Yisroel Zahler (together, "Zahler Defendants") fails for a simple reason: Plaintiff sued the wrong defendants. Zahler Defendants sold the business at issue in this case to Defendant Rum Brands LLC ("Rum Brands") pursuant to a July 22, 2024 asset purchase agreement. Ngo Decl. ¶ 3, Ex. A. That agreement, though not expressly mentioned in the Complaint, can and should be considered by the Court in resolving this motion to dismiss because it is the sole basis upon which ZO could plausibly sue Rum Brands for the alleged Lanham Act and related violations set forth in the Complaint. Plaintiff has been provided the agreement by which Rum Brands purchased the business at issue here and nonetheless stands on the Complaint as alleged, including as to Zahler Defendants. Plaintiff's choice to do so yields myriad pleading deficiencies, each of which is independently sufficient to dismiss the Complaint as to Zahler Defendants

*First*, ZO lacks Article III standing for all Counts, as well statutory standing as to Count V, to assert claims against Zahler Defendants because ZO fails to allege a redressable injury fairly traceable to Zahler Defendants. *Second*, the Court may not exercise personal jurisdiction over Zahler Defendants, nonresident defendants about whom ZO fails to allege any conduct purposefully directed to California. *Third*, the judicial district of the Central District of California is not a proper venue as to Zahler Defendants because the Complaint contains no allegations concerning any alleged conduct occurring within the Central District of California. *Fourth*, the Complaint fails to satisfy Federal Rule of Civil Procedure 8(a) and 10(b)'s basic pleading requirements to set forth a "short and plain statement" of each separate claim showing that ZO is entitled to relief. That is because the Complaint is an improper "shotgun" pleading that lumps together all thirteen Defendants and all 31 ZO Trademarks, effectively alleging *403* causes of action in each of the six counts, without explaining which Defendant did what or how any individual Defendant allegedly infringed on

---

MOTION TO DISMISS THE AMENDED COMPLAINT

each or any one of ZO's 31 alleged trademarks. *Fifth*, ZO fails state a claim upon which relief can be granted as to (a) Mr. Zahler in his individual capacity because the Complaint contains no non-conclusory allegations concerning Mr. Zahler's personal participation in the alleged unlawful conduct, and (b) all six counts because Skincare Essentials, of which Mr. Zahler is an officer, sold the business at issue here to Rum Brands in July 2024—*before* ZO's first cease-and-desist letter, *before* the earliest alleged unlawful conduct, and *before* ZO alleges that Zahler Defendants knew about any of the unlawful conduct alleged in the Complaint.

The Complaint should be dismissed as to Zahler Defendants with prejudice.

## II.    BACKGROUND

### A.    The Parties

ZO brought this action against thirteen defendants: Skincare Essentials Inc. ("Skincare Essentials"), Yisroel Zahler ("Mr. Zahler"), Rum Brands, and John Does 1–10. Dkt. 16, Amended Compl. ("Compl."), at 1. ZO is a California corporation with its principal place of business located in Irvine. *Id.* ¶ 1.

Skincare Essentials is a New York corporation with a principal place of business in New Jersey. *Id.* ¶¶ 2, 5. The Complaint alleges that Skincare Essentials "operates or assists in the operation of" private websites located at www.skincareessentials.com ("Consumer Website") and www.plentifulskin.com ("Wholesale Website" and, together with the Consumer Website, "Infringing Websites"), through which Skincare Essentials sells infringing products bearing ZO's trademarks and counterfeit reproductions of ZO's trademarks throughout the United States, including in California. *Id.* ¶¶ 2–3.

Mr. Zahler resides in New Jersey and allegedly "operates or assists in the operation of the Infringing Websites, sells infringing products bearing ZO's trademarks and counterfeit reproductions of ZO's trademarks through the Infringing Websites, and does business throughout the United States through the Infringing

Websites including in California." *Id.* ¶ 4. Mr. Zahler is the Chief Executive Officer of Skincare Essentials. *Id.*

Rum Brands is a New Jersey limited liability company that allegedly "operates or assists in the operation of the Infringing Websites[,] . . . sells infringing products bearing ZO's trademarks and counterfeit reproductions of ZO's trademarks through the Infringing Websites and does business throughout the United States through the Infringing Websites, including in California." *Id.* ¶ 9.

ZO further alleges claims against John Does 1–10 because it "believes that other individuals or entities may be responsible for the events and occurrences referred to herein or be otherwise interested in the outcome of the dispute." *Id.* ¶ 11. After paragraph 11, the Complaint levies *all* factual allegations against *all* Defendants, including Rum Brands, Zahler Defendants, and John Does 1–10, without any distinction concerning which Defendant is responsible for which alleged conduct. *See id.* at 1 (defining Defendants to include all named and unnamed defendants); *id.* ¶ 10 ("all Defendants operate the Infringing Websites" and "are jointly responsible" for the alleged unlawful conduct).

## B.    ZO and its Alleged Trademarks

ZO allegedly "is a leader in developing and selling high-end skin care products by utilizing cutting-edge science and extensive clinical experience under the ZO brand." *Id*. ¶ 15. ZO alleges that it has registered the following trademarks with the U.S. Patent and Trademark Office (*id.* ¶ 17):

|   | **Trademark** | **Registration No.** |
|---|---|---|
| **1** | ZO® | 3,443,712 |
| **2** | | 4,688,942 |
| **3** | ZO SKIN CENTRE® | 4,786,332 |
| **4** | ZPRO® | 5,228,879 |
| **5** | ZPOLY® | 7,469,338 |

|   | Trademark | Registration No. |
|---|-----------|------------------|
| 6 | ZOX12® | 5,418,681 |
| 7 | ZO-RRS2® | 5,433,835 |
| 8 | ZO CONTROLLED DEPTH PEEL® | 4,754,455 |
| 9 |  | 5,936,716 |
| 10 | ZO 3-STEP PEEL® | 5,936,718 |
| 11 |  | 4,750,572 |
| 12 | ZEIN® | 6,099,572 |
| 13 | ZCORE® | 6,078,475 |
| 14 | TRIPLE-SPECTRUM PROTECTION® | 5,899,342 |
| 15 | SKIN HEALTH CIRCLE® | 4,968,966 |
| 16 | ROZATROL® | 5,413,502 |
| 17 | REFISSA® | 3,699,894 |
| 18 | Ossential® | 3,593,734 |
| 19 | Oraser® | 3,534,951[1] |
| 20 | Ommerse® | 3,544,801 |
| 21 | Oclipse® | 3,774,720 |
| 22 | Olluminate® | 3,534,953 |
| 23 | Offects® | 3,818,858 |
| 24 | LEADING THE WORLD TO SKIN HEALTH® | 4,964,903 |
| 25 | GSR® | 5,719,962 |
| 26 | GETTING SKIN READY® | 5,719,959 |
| 27 | DAILY POWER DEFENSE® | 7,025,907 |
| 28 | COMPLEX A+® | 7,322,622 |

[1] In paragraph 17, Plaintiff lists 32 trademark registration numbers, one of which appears to be duplicative. *See* Compl. ¶ 17 ("Oraser® (U.S. Trademark Registration No. 3,534,951) . . . 3534951)").

| | Trademark | Registration No. |
|---|---|---|
| **29** | BRIGHTALIVE® | 4,717,107 |
| **30** | ⑥® | 3,443,711 |
| **31** | ⑥® | 5,252,365 |

Other than paragraph 17, the Complaint does not differentiate among ZO's trademarks and refers to all 31 alleged trademarks as the "ZO Trademarks"—despite the substantial facial differences among the trademarks and a range of registration dates, including one as recent as August 6, 2024.[2]

ZO allegedly "maintains its quality controls by limiting the third-party sale of its products to select medical practitioners who are vetted and authorized by ZO to sell ZO products," which it refers to as "Authorized Accounts." Compl. ¶ 21. ZO allegedly "requires that each of its Authorized Accounts be a [documented] medical practitioner" and "enter into contracts with ZO to be permitted to sell ZO products." *Id.* ¶¶ 21–22. ZO alleges that it maintains "quality control" over its products through these restrictions, limiting permission to sell ZO products in the United States by only ZO or Authorized Accounts, and other terms, including approved sale locations, close consultation requirements, transfer and resale limitations, and a limited warranty for ZO products. *Id.* ¶¶ 23–40.

### C.    Alleged Trademark Infringement, Counterfeiting, False Advertising, and Intentional Interference

ZO alleges that it "actively monitors its Authorized Accounts' sales and the sale of ZO products online" and, through its "investigation," it discovered "high volumes of products bearing the ZO Trademarks and counterfeit reproductions of the ZO Trademarks being sold on the Infringing Websites." *Id.* ¶¶ 41–42.

---

[2]    *See*    U.S.    Patent    and    Trademark    Office, https://tsdr.uspto.gov/#caseNumber=7,469,338&caseSearchType=US_APPLICATION&caseType=DEFAULT&searchType=statusSearch    (ZPOLY®,    registration number 7,469,338, registered Aug. 6, 2024).

On September 9, 2024, ZO sent a cease-and-desist letter ("September 2024 Letter") to the "operators" of the Infringing Websites at Skincare Essentials' New York address, explaining the alleged infringement and demanding that all Defendants cease selling ZO products. *Id.* ¶ 44. Because no Defendant responded to that letter (or a subsequent July 2025 letter), and because infringing or unlawful sales of ZO products allegedly continued, ZO alleges that all Defendants "are acting intentionally, willfully, and maliciously." *Id.* ¶¶ 45–48.

ZO alleges that all thirteen Defendants are infringing all 31 ZO Trademarks because they do not abide by ZO's various alleged requirements and terms and are thus "materially different" from genuine ZO products. *Id*. ¶¶ 50–63. Similarly, ZO alleges that all thirteen Defendants are selling products bearing counterfeit reproductions of all 31 ZO Trademarks based on ZO's March 2025 "test purchases of ZO products" from the Consumer Website, which allegedly revealed various differences from "authentic ZO products." *Id.* ¶¶ 64–73. ZO provides examples of alleged customer reviews on the Infringing Websites purporting to complain about the authenticity of ZO products. *Id.* ¶¶ 74–75. These reviews are dated between January and March 2025. *Id.*

Based on two generic representations on the Infringing Websites, *i.e.*, that the Wholesale Website is an "authorized retailer" and the Consumer Website sells "authentic" products, ZO alleges that all Defendants have engaged in false advertising. *Id.* ¶¶ 77–82. ZO further alleges that "Defendants have known since September 9, 2024, at the latest, when they received the cease-and-desist letter, that they are not authorized to sell ZO products and have been falsely advertising the products they sell." *Id.* ¶ 83.

Further, based on the September 2024 Letter, ZO alleges that all Defendants "intentionally, knowingly, and willfully interfered with ZO's contracts with its Authorized Accounts by inducing Authorized Accounts to breach their contracts and

sell ZO products to Defendants that Defendants resold on their Infringing Websites." *Id.* ¶ 89; *see id.* ¶¶ 84–91.

### D. Skincare Essentials Sells the Business to Rum Brands in July 2024

By and through an asset purchase agreement ("APA") dated July 22, 2024, nearly two months before ZO sent the first cease-and-desist letter, Skincare Essentials sold the business at issue in this case, including both Infringing Websites, to Defendant Rum Brands. *See* Ngo Decl. ¶ 3, Ex. A at 1 (Recitals); *id.* § 2.1 (Purchase and Sale of the Purchased Assets, including the Infringing Websites). After appearing in this case, Zahler Defendants provided a copy of the APA to ZO "to demonstrate that the business had been sold to Rum Brands LLC before the events at issue in the complaint transpired." Dkt. 25-1, Ngo Decl. ¶ 4. Despite receiving the APA, ZO declined to dismiss this case without prejudice as to Zahler Defendants. *Id.* ¶ 6.

The Court can, and should, consider the APA in resolving Zahler Defendants' motion to dismiss pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(1), 12(b)(2), 12(b)(3), and 12(b)(6). First, the Court is not limited to the pleadings and may consider extrinsic material, like the APA, when considering Zahler Defendants' challenges to subject matter jurisdiction, *Mendlow v. Klein*, No. CV 19-1771-JFW(FFMX), 2019 WL 7882073, at *2 (C.D. Cal. Nov. 6, 2019); *see also Cabrera v. Google LLC*, 842 F. App'x 38, 40 (9th Cir. 2021) (on appeal from order granting motion to dismiss, relying on language in asset purchase agreement to determine standing), personal jurisdiction, *Carpenter v. Sikorsky Aircraft Corp.*, 101 F. Supp. 3d 911, 920–22 (C.D. Cal. 2015), and venue, *Miletta v. Miletta*, No. 2:24-CV-03866-MRA-E, 2024 WL 5368651, at *1 (C.D. Cal. Sept. 13, 2024). As to Rule 12(b)(6), the Court may consider the APA because ZO's claim against Rum Brands and Zahler Defendants "depends on the contents of a document," the APA is attached to this motion to dismiss, "and the parties do not dispute the authenticity of the [APA], even though the plaintiff does not explicitly allege the contents of that document in the complaint." *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). Separately,

the Court may also take judicial notice of the APA pursuant to Federal Rule of Evidence 201(b)(2) because the sale of the business to Rum Brands is not subject to reasonable dispute.

### E. ZO Alleges *403* Causes of Action in *Each* of the Six Counts

Based on the foregoing allegations, ZO alleges six counts, each of which effectively alleges at least *403* causes of action[3]—one for each of the 31 allegedly infringed trademarks by each of the thirteen Defendants (without double-counting Mr. Zahler being sued individually and as officer of Skincare Essentials). Compl., at 1; *id.* ¶ 6. Without elaboration, the Complaint alleges that "all Defendants operate the Infringing Websites, are jointly responsible for selling infringing products through the Infringing Websites, and otherwise take actions to operate their business from" Skincare Essentials' New York address. *Id.* ¶ 10.

In summary, Count I alleges trademark counterfeiting in violation of the Lanham Act, 15 U.S.C. § 1114. Compl. ¶¶ 98–114. Count II alleges trademark infringement in violation of the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a)(1)(A). *Id.* ¶¶ 115–128. Count III alleges false advertising in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B). *Id.* ¶¶ 129–149. Count IV alleges unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A). *Id.* ¶¶ 150–167. Count V alleges unfair competition in violation of California Business and Professions Code § 17200, *et seq. Id.* ¶¶ 168–183. Finally, Count VI alleges intentional interference with contractual relations. *Id.* ¶¶ 184–197.

---

[3] Even ignoring the allegations against John Does 1–10, each count still alleges *93* causes of action as to the three named Defendants and the 31 trademarks allegedly infringed.

## III.      ARGUMENT

### A.      ZO Lacks Standing as to Zahler Defendants

Plaintiff alleges subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, and 1367. *Id*. ¶ 12. These statutory provisions do not confer subject matter jurisdiction where a plaintiff lacks Article III or statutory standing.

### 1.  Legal Standard

Rule 12(b)(1) requires courts to grant properly raised challenges to subject matter jurisdiction under Article III of the Constitution. Fed. R. Civ. P. 12(b)(1). "Rule 12(b)(1) jurisdictional attacks can be either facial or factual." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). A facial challenge contests the sufficiency of the pleadings, which the court accepts as true. *Mendlow*, 2019 WL 7882073, at *2. A factual challenge disputes the truth of allegations that would otherwise be sufficient to invoke federal jurisdiction. *Id.* A court considering a factual challenge "need not presume the truthfulness of the plaintiff['s] allegations" and "may look beyond the complaint to matters of public record without having to convert the motion into one for summary judgment." *Id.*; *see also White*, 227 F.3d at 1242. The plaintiff "bears the burden of demonstrating that the Court has subject matter jurisdiction to hear the action." *Mendlow*, 2019 WL 7882073, at *2 (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989)).

### 2.  ZO Lacks Article III Standing

Here, ZO lacks Article III standing, and the Court thus lacks subject matter jurisdiction, as to each and every claim alleged against Zahler Defendants. To establish Article III standing, ZO must (1) allege an "injury in fact" that is (a) "concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical," (2) allege "a causal connection between the injury and the conduct complained of," *i.e.*, "the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not

before the court," and (3) "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Moreno v. Castlerock Farming & Transp. Inc.*, No. 1:12-CV-0556 AWI JLT, 2022 WL 902597, at *5 (E.D. Cal. Mar. 28, 2022) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)).

A cursory review of the APA, which shows that the business at issue was sold to Rum Brands in July 2024, and the Complaint, which alleges unlawful conduct no earlier than September 2024, shows that ZO does not meet the second and third prongs required to show Article III standing. Specifically, ZO fails to allege any injury that is fairly traceable to any alleged conduct by Zahler Defendants. And for the same reason, ZO fails to allege that any injury it may have suffered is redressable by a favorable decision against Zahler Defendans, who have not owned or operated the Infringing Websites since July 2024. Accordingly, the Complaint should be dismissed with prejudice as to Zahler Defendants. *Moreno*, 2022 WL 902597, at *5.

For the same reasons, ZO also lacks standing to pursue any prospective relief against Zahler Defendants, including injunctive relief. ZO, as the plaintiff, "must demonstrate standing 'for each claim [it] seeks to press' and for each form of relief [it] requests." *Steinmeyer v. Am. Ass'n of Blood Banks*, 715 F. Supp. 3d 1302, 1317 (S.D. Cal. 2024). But because Zahler Defendants no longer own or control the Infringing Websites or the business at issue here, ZO cannot show "that [it] face[s] an 'imminent or actual threat of future harm' due to [Zahler Defendants'] conduct." *Id.* Accordingly, all claims for prospective or injunctive relief against Zahler Defendants must be dismissed.

### 3. ZO Lacks Statutory Standing as to Count V

ZO's state law claim pursuant to Cal. Bus. & Prof. Code § 17200, *et seq.*, fails for a similar reason. "[T]o have standing to advance [unfair competition] and [false advertising] claims, a private plaintiff must prove they suffered: (1) a loss or deprivation of money or property sufficient to qualify as injury in fact, i.e., economic injury, and (2) that the economic injury was the result of, i.e., caused by, the unfair

business practice or false advertising that is the gravamen of the claim." *Certified Nutraceuticals, Inc. v. Avicenna Nutraceutical, LLC*, No.: 3:16-cv-02810-BEN-BGS, 2018 WL 3618243, at *5 (S.D. Cal. 2018) (internal quotation marks omitted). As the Ninth Circuit has recognized, "California's unfair competition law defines 'injury in fact' more narrowly" than what is required for Article III standing. *Id.* (citing *TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 825 n.1 (9th Cir. 2011) ("Plaintiffs filing an unfair competition suit [under California law] must prove a pecuniary injury . . . and 'immediate' causation . . . [.] Neither is required for Article III standing.")).

Here, for the same reason that ZO lacks Article III standing—the business at issue was sold to Rum Brands in July 2024 and the Complaint alleges no unlawful conduct before September 2024—ZO lacks statutory standing to pursue its state law claims against Zahler Defendants. Specifically, the Complaint fails to allege any pecuniary injury that was immediately caused by Zahler Defendants. *See Certified Nutraceuticals, Inc.*, 2018 WL 3618243, at *5. Count V should be dismissed.

**B.      The Court Lacks Personal Jurisdiction Over Zahler Defendants**

Plaintiff alleges specific personal jurisdiction over all Defendants, including Zahler Defendants, because (1) "they have expressly aimed tortious activities toward the State of California" and (2) they have "established sufficient minimum contacts with California by, among other things, advertising and selling substantial quantities of infringing products bearing ZO's trademarks and counterfeit reproductions of ZO's trademarks to consumers within California through highly interactive commercial websites, with knowledge that ZO is located in California and is harmed in California as a result of Defendants' sales of infringing products to California residents." Compl. ¶ 13. Plaintiff alleges that all Defendants "know that ZO is located in California . . . because ZO has informed Defendants of its location in cease-and-desist letters it sent to Defendants," dated September 9, 2024, and July 1, 2025. *Id.* ¶¶ 13, 44, 46. Plaintiff further alleges that its claims arise out of Defendants' "substantial and regular sales"

of the alleged infringing and counterfeit products. *Id.* ¶ 13; *see also id.* ¶ 49 ("Defendants accept and fulfill orders from California residents for products bearing the ZO Trademarks and counterfeit reproductions of the ZO Trademarks and cause substantial quantities of infringing products to be shipped to persons located in California through the regular course of business."). These conclusory allegations are insufficient to satisfy Plaintiff's burden to demonstrate personal jurisdiction as to Zahler Defendants, especially in light of the sale of the business at issue to Rum Brands in July 2024.

### 1. Legal Standard

"To establish personal jurisdiction over a party that does not reside in the forum state, the party asserting jurisdiction must show both that the long-arm statute of the forum state confers personal jurisdiction over the party challenging jurisdiction, and that the exercise of that jurisdiction will conform to the requirements of due process." *Carpenter*, 101 F. Supp. 3d at 920 (citing *Gray & Co. v. Firstenberg Mach. Co., Inc.*, 913 F.2d 758, 760 (9th Cir. 1990)). Because California's long-arm statute is co-extensive with constitutional due process, here the Court need evaluate only whether exercising personal jurisdiction over Zahler Defendants would be consistent with due process. *See* Cal. Code Civ. Proc. § 410.10. "Due process requires that an out-of-state defendant have sufficient minimum contacts with the forum such that the exercise of in personam jurisdiction would not offend 'traditional notions of fair play and substantial justice.'" *Carpenter*, 101 F. Supp. 3d at 920 (quoting *Int'l Shoe Co. v. Washington,* 326 U.S. 310 (1945)).

"The burden of proof for establishing personal jurisdiction depends on the 'mode of determination' employed by the district court in deciding the issue." *Id.* at 922 (citing *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977)). "If the personal jurisdiction question is decided on the basis of affidavits, a party asserting jurisdiction need only make a *prima facie* showing of the jurisdictional

facts." *Id.* Further, "courts 'may not assume the truth of allegations in a pleading which are contradicted by affidavit.'" *Id.*

## 2. There Is No Basis For General Jurisdiction

Personal jurisdiction can be general or specific. "General jurisdiction over a corporation is appropriate only when the corporation's contacts with the forum state are so constant and pervasive as to render it essentially at home in the state." *Carpenter*, 101 F. Supp. 3d at 920 (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S.Ct. 2846 (2011); *Daimler AG v. Bauman*, 134 S.Ct. 746 (2014)). "Only in an 'exceptional case' is general jurisdiction available anywhere other than the principal place of business or state of incorporation." *Id.* at 921 (quoting *Daimler*, 134 S. Ct. at 761 n.19).

Here, Plaintiff does not assert general jurisdiction over Zahler Defendants, and the Complaint alleges no basis for it. Zahler Defendants are non-resident defendants from New York or New Jersey, and no exceptional circumstance exists that would warrant departing from the standard rule that general jurisdiction could be exercised as to Skincare Essentials in New York, and as to Zahler in New Jersey. *See Daimler*, 134 S. Ct. at 756 n.8 (discussing "exceptional" wartime circumstances held to suffice in *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 447–48 (1952)). Accordingly, Zahler Defendants are not subject to general jurisdiction here.

## 3. There Is No Basis For Specific Jurisdiction

Specific personal jurisdiction "requires a showing of forum-related activities of the defendant that are related to the claim asserted." *Carpenter*, 101 F. Supp. 3d at 921. "It is 'confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction.'" *Id.* (quoting *Goodyear*, 131 S. Ct. at 2851). In the Ninth Circuit, specific jurisdiction may be appropriately exercised only if (1) a defendant "either 'purposefully direct[s] his activities' toward the forum or 'purposefully avail[s] himself of the privileges of conducting activities in the forum'"; (2) the claim "arises out of or relates to the defendant's forum-related activities"; and

(3) the exercise of jurisdiction "comport[s] with fair play and substantial justice." *NBCUniversal Media, LLC v. Jay Kennette Media Grp. LLC*, 653 F. Supp. 3d 732, 740 (C.D. Cal. 2023). As to the first prong, "[i]n cases alleging trademark infringement and other tortious conduct, such as this one, the Court applies the purposeful direction test." *Id.* at 741 (citing *Ayla, LLC v. Alya Skin Pty. Ltd.*, 11 F.4th 972, 979 (9th Cir. 2021)). That test "requires the plaintiff to show that the defendant '(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state.'" *Id.*

"The party asserting jurisdiction bears the burden of satisfying the first two prongs of this test." *Carpenter*, 101 F. Supp. 3d at 922 (citing *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004)). "If that party does so, the burden then shifts to the party contesting jurisdiction to 'present a compelling case' that the third prong of reasonableness has not been satisfied." *Id.*

Here, the Complaint fails to satisfy all three prongs required for personal jurisdiction. As a threshold matter, again because Rum Brands purchased the business at issue in this case in July 2024 and the Complaint does not allege any infringing conduct prior to September 2024, the Complaint necessarily fails to allege that Zahler "purposefully directed" any unlawful conduct toward California. In fact, the Complaint fails to allege *any* "intentional act" by Zahler Defendants, let alone acts "expressly aimed" at California. The Complaint also fails to allege that Zahler Defendants had any reason to know that any of their conduct would lead to harm that is "likely to be suffered" in California, including because ZO's September 2024 Letter post-dates the sale of the business by approximately two months. Otherwise, the Complaint contains only non-conclusory allegations concerning Zahler Defendants' knowledge of whether any alleged harm is likely to be suffered in California. *See, e.g.*, Compl. ¶¶ 3–4, 6, 12–13. Accordingly, specific jurisdiction as to Zahler Defendants may not be exercised. *See Briskin v. Shopify, Inc.*, 135 F.4th 739, 751 (9th Cir. 2025) ("If [ZO] fails to meet this burden [*i.e.*, either of the first two prongs],

California courts lack specific personal jurisdiction."); *see also Schwarzenegger*, 374 F.3d at 807 (intentional acts not aimed at California are insufficient to support specific personal jurisdiction).

For the same reasons, the Complaint also fails to meet the requisite second and third prongs of personal jurisdiction, *i.e.*, that ZO's claim "arises out of or relates to the defendant's forum-related activities" and the exercise of jurisdiction "comport[s] with fair play and substantial justice." Because the Complaint has not fairly identified any alleged unlawful conduct by Zahler Defendants that pre-dates the sale of the business to Rum Brands, the Complaint necessarily fails to allege a claim that arises out of Zahler Defendants' activities in California—the Complaint is devoid of any such non-conclusory allegations—such that exercising specific jurisdiction over Zahler Defendants would conflict with the fundamental requirements of constitutional due process. *See id.*; *see also X Corp. v. Ctr. for Countering Digital Hate Ltd.*, 724 F. Supp. 3d 921, 943 (N.D. Cal. 2024) (where alleged conduct by defendant was not connected to the forum where the claim was brought, the claim did not "arise out of or relate to" defendant's contacts with the forum state; exercising personal jurisdiction unreasonable for substantially similar reasons). Because there is no specific jurisdiction as to Zahler Defendants, the Complaint should be dismissed as to them.

### C.   Venue in the Central District of California is Improper

Plaintiff alleges that venue is proper in the U.S. District Court for the Central District of California because "a substantial part of the events giving rise to the claims herein occurred within this judicial district, or in the alternative because a Defendant is subject to personal jurisdiction in this district." Compl. ¶ 14 (citing 28 U.S.C. § 1391(b)). Because the Complaint does not contain a single allegation concerning any alleged events that occurred within this judicial district or explaining why venue would not be appropriate in any other judicial district, venue here is improper and the Complaint should be dismissed as to Zahler Defendants.

### 1. Legal Standard

Plaintiff bears the "burden of establishing proper venue." *Johnson v. L.*, 19 F. Supp. 3d 1004, 1007 (S.D. Cal. 2014). "When there are multiple parties and/or multiple claims in an action, the plaintiff must establish that venue is proper as to each defendant and as to each claim." *Allstar Mktg. Grp., LLC v. Your Store Online, LLC*, 666 F. Supp. 2d 1109, 1126 (C.D. Cal. 2009).

As relevant here, 28 U.S.C. § 1391(b)(2) makes venue in a specific judicial district proper if "a substantial part of the events or omissions giving rise to the claim occurred." *Id.* "In a trademark suit brought under the Lanham Act, a 'substantial part' of the events giving rise to the claims occur in any district where consumers are likely to be confused by the accused goods, 'whether that occurs solely in one district or in many.'" *Id.* at 1128. If "there is no district in which an action may otherwise be brought" under section 1391, then venue may be proper in "any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." *Johnson*, 19 F. Supp. 3d at 1007–08.

In a motion to dismiss for improper venue under Rule 12(b)(3), "the pleadings need not be accepted as true, and the court may consider facts outside the pleadings." *Miletta*, 2024 WL 5368651, at \*1 (quoting *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1137 (9th Cir. 2004)). The trial court must "draw all reasonable inferences in favor of the non-moving party and resolve all factual conflicts in favor of the non-moving party." *Golden Scorpio Corp. v. Steel Horse Bar & Grill*, 596 F. Supp. 2d 1282, 1286 (D. Ariz. 2009).

When venue is improper, courts "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406; *accord Johnson*, 19 F. Supp. 3d at 1008.

### 2. The Complaint Contains No Allegations Specific to this District

Here, the Complaint fails to allege a single event—lawful or not—in this judicial district. That alone suffices to find venue here improper and dismiss the

Complaint as to Zahler Defendants, even accepting the factual allegations as true and drawing all reasonable inferences in Plaintiff's favor. *See, e.g.*, *Knuttel v. Omaze, Inc.*, 572 F. Supp. 3d 866, 870 (N.D. Cal. 2021) (venue under section 1391(b)(2) was improper in the Northern District of California because "the 'sequence of events underlying [his and the other Plaintiffs'] claims' all took place in the Central District").

Indeed, in trademark infringement cases, "a 'substantial part' of the events giving rise to the claims [must] occur in any district where consumers are likely to be confused by the accused goods, 'whether that occurs solely in one district or in many.'" *Golden Scorpio Corp.*, 596 F. Supp. 2d at 1286. Here, at best, the Complaint contains conclusory allegations concerning alleged sales of products shipped to California generally, *see, e.g.*, Compl. ¶¶ 3–4, 6, 12–13, but none specific to any judicial district in the state or the Central District of California. Accordingly, venue is improper here. *See Golden Scorpio*, 596 F. Supp. 2d at 1287 (collecting trademark infringement cases finding venue improper where a website was insufficient to make venue proper without additional alleged conduct occurring specifically within the judicial district in which the case was brought). Plaintiff's presence in this district alone "cannot justify a finding of proper venue." *Id.* at 1287 n.4 (citing *Woodke v. Dahm*, 70 F.3d 983, 984 (8th Cir. 1995)). Accordingly, the Complaint should be dismissed as to Zahler Defendants for improper venue.

### D.    ZO Fails to Allege a Short and Plain Statement of its Claim

#### 1. Legal Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. Rule Civ. P. 8(a)(2). Rule 10(b), consistent with Rule 8, requires separate paragraphs, "each limited as far as practicable to a single set of circumstances," and, "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . *must* be stated in a separate count . . . ." Fed. R. Civ. P. 10(b) (emphasis added). "In general, a complaint which 'lump[s]

together . . . multiple defendants in one broad allegation fails to satisfy [the] notice requirement of Rule 8(a)(2).'" *Seeno v. Discovery Builders, Inc.*, No. 5:23-CV-04072-EJD, 2024 WL 694490, at \*5 (N.D. Cal. Feb. 20, 2024). Instead, a plaintiff "must identify what action each Defendant took that caused Plaintiffs' harm, without resort to generalized allegations against Defendants as a whole." *Id.* at \*5. Further, this kind of "shotgun pleading" is generally defined as "pleadings that overwhelm defendants with an unclear mass of allegations and make it difficult or impossible for defendants to make informed responses to the plaintiff's allegations." *Autobidmaster, LLC v. Alpine Auto Gallery, LLC*, No. 3:14-CV-1083-AC, 2015 WL 2381611, at \*15 (D. Or. May 19, 2015).

### 2.  Complaint is an Improper "Shotgun" Pleading Because it Lumps Together Thirteen Defendants and 31 Alleged Trademarks

"Courts roundly decry shotgun pleading as a subject of 'great dismay,' 'intolerable,' and 'in a very real sense . . . [an] obstruction of justice'" for a reason. *Greenway Nutrients, Inc. v. Blackburn*, 33 F. Supp. 3d 1224, 1243 (D. Colo. 2014) (quoting *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295–96 n. 9, 10 (11th Cir. 2002)). That is because pleading in this fashion, though perhaps appealing to a pleader, "places an inordinate burden on the party responding to that pleading, and on the Court interpreting it, requiring them to parse the narrative repeatedly and attempt to independently extract the particular factual averments that are relevant to each individual claim." *Id.* "Essentially, the shotgun pleader foists off one of the pleading lawyer's critical tasks—sifting a mountain of facts down to a handful of those that are relevant to a given claim—onto the reader," *i.e.*, the Court and Zahler Defendants. *Id.* In doing so, shotgun pleadings, like ZO's pleading here, fail to provide "'fair notice' of the nature of the claim" and the "'grounds' on which the claim rests." *Flores v. EMC Mortg. Co.*, 997 F. Supp. 2d 1088, 1103 (E.D. Cal. 2014) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, n. 3 (2007)).

The Complaint fails these basic pleading requirements by lumping together all thirteen Defendants and at least thirty-one trademarks allegedly infringed, without ever specifying which Defendant did what or how any specific trademark was allegedly violated. In effect, each of ZO's six counts alleges ***403 causes of action***, without specifying sufficient detail to either adequately state a claim or sufficiently put Zahler Defendants on notice as to the claims ZO is actually alleging against them.

ZO's shotgun pleading is particularly problematic because of the sale of the business at issue to Rum Brands in July 2024. Indeed, even if the Complaint had adequately alleged improper conduct before September 2024 (it does not) any alleged conduct after Skincare Essentials sold the business to Rum Brands would, if true, be attributable to Rum Brands alone and not to Zahler Defendants. The same is true, vice versa, as to any alleged conduct that occurred *before* the sale of business (again, the Complaint contains no allegations before September 2024). "This is plainly impermissible under the well-established law in this circuit that so-called 'shotgun pleadings' do not satisfy Rule 8's notice requirement." *Resh, Inc. v. Skimlite Mfg. Inc.*, 666 F. Supp. 3d 1054, 1059 (N.D. Cal. 2023) (collecting cases); *see, e.g.*, *GenProbe, Inc. v. Amoco Corp., Inc.*, 926 F. Supp. 948, 960–62 (S.D. Cal. 1996) (group pleading impermissible in a trademark infringement action where each count of the complaint contained multiple causes of actions against multiple defendants and did not explain the basis upon which defendants were allegedly liable); *Flores*, 997 F. Supp. 2d at 1103 ("rambling complaint lacks facts of defendants' specific wrongdoing to provide fair notice as to what each defendant is to defend"); *U.S. Bank Nat'l Ass'n v. Friedrichs*, 2013 WL 589111, *9 (S.D. Cal. Feb. 13, 2013) (plaintiff's conclusory allegations failed to notify each of the defendants of what "act of negligent misrepresentation" each had committed).

As a result, it is "patently inaccurate to allege that 'Defendants' committed the acts in which only" Rum Brands participated and Zahler Defendants did not, and vice versa. *Autobidmaster, LLC*, 2015 WL 2381611, at *15. Further, "[o]ne of the primary

pitfalls of complaints structured in the shotgun fashion used by Plaintiff in this case, is that neither the parties nor the court can positively connect alleged facts to the claims asserted." *Greenway Nutrients*, 33 F. Supp. 3d at 1260. ZO's "shotgun pleading" is impermissible and should be dismissed. *See, e.g.*, *NorthStar Moving Holding Co., Inc. v. Northstar Movers*, No. 19-62176-CIV, 2020 WL 3303972, at \*2 (S.D. Fla. Jan. 7, 2020) (dismissing a complaint in a trademark infringement case "for impermissibly lumping together Defendants throughout the pleading repeatedly, rendering it unclear and confusing as to which Defendant is being charged with which conduct" in all seven counts, each of which was pled against defendants jointly). "Defendants should not have to guess amongst themselves as to whom a specific 'Defendants' reference Plaintiff intended to apply or even whether it applies to some yet-to-be-named party." *Resh, Inc.*, 666 F. Supp. 3d at 1059–60. The Complaint should also be dismissed for failure to comply with the pleading requirements in the Ninth Circuit and Rules 8 and 10.

### E.    ZO Fails to State a Claim as to Zahler Defendants

As to Zahler Defendants, ZO appears to be proceeding on a pleading standard that the Supreme Court expressly rejected more than fifteen years ago. In *Twombly*, the Supreme Court rejected the prior, broader standard, holding that "a wholly conclusory statement of claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." 550 U.S. at 561. Instead, "before proceeding to discovery, a complaint must allege facts suggestive of illegal conduct." *Id.* at 563 n.8.

Fundamentally, the complaint fails to state a claim upon which relief can be granted because it provides nothing beyond conclusory and generalized allegations that are not specific to any Defendant, are untethered to any specific trademark, and disregard Rum Brands' purchase of the business that, at minimum, draws a hard line as of July 2024 between earlier-in-time conduct by Zahler Defendants and later

conduct by Rum Brands pertaining to the alleged trademarks at issue in this case. At bottom, and notwithstanding ZO's allegation that it "actively monitors its Authorized Accounts' sales and the sale of ZO products online," Compl. ¶ 41, the Complaint fails to allege a single event or occurrence before the sale of the business in July 2024 and thus necessarily fails to state a claim against Zahler Defendants. Zahler Defendants' motion to dismiss should be granted for this reason as well.

### 1. Legal Standard

Rule 12(b)(6) requires courts to dismiss claims "where there is either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Mendlow*, 2019 WL 7882073, at *3 (internal quotation marks omitted). To survive a motion to dismiss, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555). "[F]actual allegations must be enough to raise a right to relief above the speculative level." *Id*. Although a court must accept as true the allegations of a complaint and construe those allegations in the light most favorable to the nonmoving party, "a court need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations." *Mendlow*, 2019 WL 7882073, at *3.

In ruling on a Rule 12(b)(6) motion to dismiss, the "general rule" is that courts "must disregard facts that are not alleged on the face of the complaint or contained in documents attached to the complaint." *Knievel*, 393 F.3d at 1076. As relevant here, one exception to that general rule permits courts to consider documents where "the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Id.*; *see also Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1158 (9th Cir. 2012) (incorporating by reference three documents referenced in the Complaint); *Chancy et al. v. Fossil Grp., Inc.*, No. 25-CV-1566-AJB-DEB, 2025

WL 3251577, at *5 (S.D. Cal. Nov. 21, 2025) (incorporating by reference a document that formed "the basis of Plaintiffs' claims and referenced throughout" the complaint).

### 2. ZO Fails to Allege Liability as to Mr. Zahler in his Individual Capacity

The Complaint alleges claims against Mr. Zahler individually because: (1) he allegedly "assist[s] in and [is] responsible for the operation of and sales of products through the Infringing Websites," Compl. ¶ 6; (2) he "directs, controls, ratifies, participates in, or is the moving force behind the acquisition and sale of infringing products bearing ZO's trademarks and counterfeit reproductions of ZO's trademarks by Skincare Essentials" and "personally participates in the acquisition and sale of infringing products by Skincare Essentials," *id.* ¶ 7; or (3) Skincare Essentials is the "alter ego" of Mr. Zahler and so ZO is "entitled to pierce the corporate veil," *id.* ¶ 8.

But to allege trademark infringement against a corporate officer in his individual capacity, ZO must allege that Mr. Zahler "actively and knowingly caused the infringement." *Museum of Selfies, Inc. v. Miami Selfie, LLC*, No. 22-CV-20233, 2022 WL 1001485, at *5 (S.D. Fla. Apr. 3, 2022). Here, the Complaint alleges that all Defendants, including Zahler, knew about the alleged unlawful conduct *solely* based on the September 2024 Letter. But that letter post-dates any involvement of Mr. Zahler with the business at issue here and cannot support even an inference of knowledge before the letter was sent. *See* Compl. ¶ 44. Accordingly, "there is no [non-conclusory] allegation or evidence that [Mr. Zahler] was personally involved in or directed any of the allegedly infringing acts or was otherwise a 'guiding spirit' or 'central figure' in those acts." *19 Tao Vega LLC v. Holo Ltd.*, No. C 19-5640 SBA, 2019 WL 8263434, at *4 (N.D. Cal. Dec. 18, 2019). "In the absence of such a showing, [ZO] will be unable to hold [Mr. Zahler] personally liable," *id.*, and all claims against Mr. Zahler in his individual capacity should be dismissed.

In addition, because the Complaint contains no non-conclusory allegations concerning veil piercing, that unsupported claim should be dismissed as well. *See,*

*e.g.*, *Motul S.A. v. USA Wholesale Lubricant, Inc.*, 686 F. Supp. 3d 900, 911 (N.D. Cal. 2023) (dismissing claims premised on alter ego liability because "[c]onclusory allegations of alter ego status are insufficient, and the plaintiff "must allege specific facts to support both the necessary elements"). All claims against Mr. Zahler in his individual capacity should be dismissed with prejudice.

### 3. Counts I – VI Fail to State a Claim

Finally, and substantially for the same reasons already discussed, each of the six counts alleged in the Complaint should be dismissed as to Zahler Defendants. All counts suffer from the fundamental problem that the business at issue here was sold to Rum Brands in July 2024, and no allegation in the Complaint identifies any alleged conduct prior to September 2024. At best, the Complaint alleges that ZO conducted an "investigation" through which it "discovered high volumes of products bearing the ZO Trademarks and counterfeit reproductions of the ZO Trademarks being sold on the Infringing Websites," without any detail concerning the scope or timeframe of the investigation, or any findings specific to particular ZO Trademarks, ZO products, or the conduct of any specific Defendant. Compl. ¶¶ 41–42. That investigation allegedly led to the September 2024 Letter, *id.* ¶ 44. The Complaint does not explain how far back in time, if at all, any alleged unlawful conduct occurred, or which Defendant is allegedly responsible for any such conduct. The Complaint also does not explain why, if any alleged unlawful conduct had occurred *before* September 9, 2024, ZO did not detect it through its "investigation" and "active[] monitor[ing]" of sales of ZO products through Authorized Accounts and online or send a cease-and-desist letter before September 9, 2024. *Id.* ¶ 41. As to Count I, alleging trademark counterfeiting, the Complaint alleges that ZO discovered the alleged issue in *March 2025*, approximately nine months after Rum Brands purchased the business at issue in this case, and provides no factual allegations supporting counterfeiting before that date, let alone on or before July 2024.

The omission of factual allegations concerning conduct before September 2024 is telling, and ZO should be held to the actual allegations alleged in its Complaint. All four Lanham Act counts (Counts I (trademark counterfeiting), II (trademark infringement), III (false advertising), and IV (unfair competition)), and the related Count V (unfair competition in violation of California Business and Professions Code § 17200, *et seq.*), should be dismissed for these reasons, and because the only remaining allegations are conclusory. *See, e.g.*, *Dow Jones & Co., Inc. v. Int'l Sec. Exchange, Inc.*, 451 F.3d 295, 307–308 (2d Cir. 2006) (affirming dismissal pursuant to Rule 12(b)(6) because "the trademark claims . . . consists of conclusory allegations unsupported by factual assertions and therefore it fails even the liberal standard of Rule 12(b)(6)") (internal quotation marks omitted); *Lopez v. Bonanza.com, Inc.*, No. 17 Civ. 8493 (LAP), 2019 WL 5199431, *13 (S.D.N.Y. 2019) (dismissing complaint for failure to state a claim because the "allegations are nothing more than a restatement of the legal standard and are plainly insufficient to survive a motion to dismiss"); *D.B.C. Corp. v. Nucita Venezolana, C.A.*, No. 18-25225-CIV-MORENO, 2020 WL 2850277 (S.D. Fla. 2020) (granting Rule 12(b)(6) motion to dismiss because "[p]laintiff provides no other information as to how, exactly, the Defendants have used the infringing marks in commerce," and thus such allegations "lack of detail" and are "conclusory").

Count III (false advertising) should also be dismissed because the Complaint contains no non-conclusory allegations that Zahler Defendants knowingly caused any false statement to be made regarding ZO products. Instead, the Complaint expressly alleges Zahler Defendants "have known since September 9, 2024, at the latest, when they received the cease-and-desist letter, that they are not authorized to sell ZO products and have been falsely advertising the products they sell." Compl. ¶ 83. But again, by that time, Rum Brands had purchased the Infringing Websites and neither Skincare Essentials nor Mr. Zahler owned or operated those websites and thus did not make any representations on or through the Infringing Websites after the sale.

As to Count VI, for tortious interference with contractual relationships, that count fails to state a claim because it requires, among other things, "defendant's knowledge" of the third-party contract at issue and "defendant's intentional acts designed to induce a breach or disruption of the contractual relationship." *Ixchel Pharma, LLC v. Biogen, Inc.*, 9 Cal. 5th 1130, 1141 (2020). Here, the Complaint fails to allege Zahler Defendants' knowledge or intent because the September 2024 Letter was sent approximately two months after Rum Brands purchased the business, and the Complaint alleges no other basis for Zahler Defendants' knowledge before September 2024. For that same reason, the Complaint fails to allege any facts that would plausibly demonstrate intent by Zahler Defendants.

Accordingly, all six counts should be dismissed for failure to state a claim pursuant to Rule 12(b)(6).

## IV.  CONCLUSION

For the foregoing reasons, Defendants Skincare Essentials Inc. and Yisroel Zahler respectfully request that the Court dismiss Counts I, II, III, IV, V, and VI with prejudice as against them.

Dated:  December 3, 2025

Respectfully submitted,

*/s/ Ivy Ngo*
Ivy Ngo (S.B.N. 249860)
**FREEDMAN NORMAND FRIEDLAND LLP**

*Counsel for Defendants*
*Skincare Essentials Inc. and Yisroel Zahler*

## <u>CERTIFICATION PURSUANT TO LOCAL RULE 7.3</u>

I certify that the parties met in person or by videoconference, thoroughly discussed each and every issue raised in the motion, and attempted in good faith to resolve the motion in whole or in part.

*/s/ Ivy Ngo*
Ivy Ngo (S.B.N. 249860)